In the Matter of the Application of GERTRUDE CRANE, as Administratrix, etc., of GEORGE W. SAUER, Deceased, Appellant, Respondent, for a Peremptory Writ of Mandamus to Be Directed to CHARLES L. CRAIG, as Comptroller of the City of New York, Respondent, Appellant.

First Department, November 12, 1920.

**Municipal corporations — damages caused by construction of viaduct in city of New York — interest upon award — statutes construed — when computation of interest should be made under section 951 of Greater New York charter as amended in 1918 and not under section 59-a of Highway Law.**

The board of assessors of the city of New York made an award on October 1, 1918, for damages caused to a property owner by the erection of a viaduct on One Hundred and Fifty-fifth street, which was constructed pursuant to a contract made in 1890. *Held,* that section 873 of the Consolidation Act relating to damages caused by a change in said grades had been repealed and was inoperative except that in so far as the property owner whose claims accrued during the time said statute was in force had acquired rights thereunder they could not be destroyed.

The right of such property owner to interest on said award under section 59-a of the Highway Law has been superseded by the new right to interest given by section 951 of the Greater New York charter, as amended in 1918, which section furnishes a complete and exclusive method of procedure for the ascertainment of said damages and for the fixation of interest thereon, and hence the board of assessors were justified in limiting interest to six

per cent per annum from the time of the completion and acceptance of the grading of the street to the date set in the published notice for the hearing of objections to such award. There is no authority for awarding compound interest or interest upon interest due the owner.

CROSS-APPEALS by the petitioner, Gertrude Crane, as administratrix, etc., and by the defendant, Charles L. Craig, as comptroller of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of July, 1920, granting in part and denying in part the petitioner's application for a peremptory writ of mandamus and directing the issuance of a peremptory writ of mandamus.

The petitioner appeals from that part of the order denying her application and the defendant appeals from that part of said order granting the application.

*John M. Harrington* [*Herbert H. Gibbs* with him on the brief], for the relator.

*John P. O'Brien, Corporation Counsel* [*Charles J. Nehrbas* of counsel], for the defendant.

DOWLING, J.:

The moving affidavit on behalf of petitioner sets forth the following facts: On July 1, 1886, George W. Sauer became the owner of certain land, with the buildings thereon, situated at the southwest corner of One Hundred and Fifty-fifth street and Eighth avenue, in the borough of Manhattan, city of New York, and he owned the premises during the entire period that a certain viaduct was being erected on One Hundred and Fifty-fifth street and until after its completion. Pursuant to a contract dated July 14, 1890 (executed under the authority of chapter 576 of the Laws of 1887), and between August 4, 1890, and October 2, 1893, the One Hundred and Fifty-fifth street viaduct was constructed at an elevation of fifty feet or more above said street on its lower level, and physical work in front of the premises was begun on August 4, 1890. George W. Sauer died intestate on March 8, 1905, and the petitioner was appointed, and duly qualified, as administratrix of his estate. On June 30, 1916, pursuant to the provision of section 873 of chapter

410 of the Laws of 1882, known as the New York City Consolidation Act, said administratrix filed with the board of assessors of the city of New York a claim for damages in respect of said premises by reason of the erection of said viaduct. On December 8, 1916, said claim for damages was dismissed by said board of assessors. Thereafter in the certiorari proceeding instituted to review that determination, this court made an order bearing date May 18, 1917, whereby the claim for damages was remitted to the board and said board was directed to hear and determine the claim upon the merits according to law. Subsequently, in *People ex rel. Crane* v. *Ormond* (221 N. Y. 283) the Court of Appeals affirmed that order holding that the erection of the viaduct constituted a change of grade of the street within the meaning of section 873 of the Consolidation Act.

Upon the trial of the said claim for damages before the board of assessors it was admitted and conceded on behalf of the claimant and on behalf of the city of New York, among other things, as follows:

" On May 6, 1890, the Board of Estimate and Apportionment of The City of New York duly approved the plans and specifications for the construction of the viaduct, which had been duly prepared by the Commissioner of Public Works, pursuant to the provisions of said statute.

" On July 14, 1890, a contract bearing the last named date was duly entered into between the City of New York and one Herbert Stewart, for the construction of the viaduct according to said plans and specifications.

" On August 4, 1890, work under said contract was begun and such work was carried on continuously until such viaduct was completed and duly accepted by the authorities of the city of New York on October 2, 1893."

Upon the trial there was adduced before the board of assessors proof that the work under the contract for the construction of the viaduct was commenced on said August 4, 1890, in front of the premises in question. On October 1, 1918, the board of assessors made a certificate of award whereby, pursuant to section 873 of the Consolidation Act, an award, in the principal sum of $42,500, was made to the administratrix for the damages sustained in respect of said premises by reason

of the erection of said viaduct, and whereby, under the provisions of section 951 of the Greater New York charter said board of assessors stated $63,750 as the amount of interest as computed by them from the time of the completion and acceptance of the work, namely, October 2, 1893, to the date set in the published notice for the hearing upon objections to said award, namely, October 1, 1918. On October 29, 1918, the administratrix received from the comptroller a city warrant in the sum of $106,250, the aggregate of the damages and interest, and gave a receipt therefor. This warrant did not include interest from August 4, 1890, to October 2, 1893, or from October 2, 1918, to October 29, 1918, and more than thirty days prior to instituting this proceeding the administratrix duly demanded interest for such periods from the comptroller, with further interest upon the balance of interest unpaid from October 29, 1918, to the date when such payment was demanded. Relator asked that a peremptory writ of mandamus issue, directing the comptroller of the city of New York to pay to her the interest claimed. The learned court at Special Term granted the application to the extent of allowing interest from August 4, 1890, to October 2, 1893, being the period when physical work was under construction, together with interest from October 2, 1918, the date of the award, to October 29, 1918, the day on which applicant received her warrant from the city. The relator appeals from the refusal to allow her interest upon the balance of interest remaining unpaid from October 29, 1918. The defendant appeals from the allowance of any interest whatever to relator.

Upon the relator's appeal I believe the order appealed from is right and should be affirmed. I can find no authority for the awarding of compound interest to the relator.

Upon the defendant's appeal, the question involved is which statute regulates the amount of interest upon the award. The One Hundred and Fifty-fifth street viaduct was constructed under the authority conferred by chapter 576 of the Laws of 1887. In *People ex rel. Crane* v. *Ormond* (221 N. Y. 283) its erection was held to constitute a change of street grade within the meaning of section 873 of the Consolidation Act; and section 951 of the Greater New York charter (Laws of 1897, chap. 378 [Laws of 1901, chap. 466], as amd. by Laws of 1916, chap.

516).  The award of the board of assessors declared that "we hereby award as damages, pursuant to Section 873 of the Consolidation Act and Section 951 of the Greater New York Charter, to the following named persons the following amounts with respect to the property embraced within said claims: Gertrude Crane, as Administratrix of the Estate of George W. Sauer, deceased, block 2047, lots 35, 36, 37, 38 and 39, $42,500."

The relator's claim for damages accrued on August 4, 1890, when section 873 of the Consolidation Act was in force, and which concededly remained in full force and effect until January 1, 1898.  That section provided: " In all cases where the grade of any street or avenue which was established south of Sixty-third street on or before March fourth, eighteen hundred and fifty-two, or which has been since, or shall hereafter be established north of said Sixty-second street, shall be changed or altered in whole or in part, it shall be the duty of the board of assessors to estimate the loss and damage which each owner of land fronting on such street or avenue will sustain by reason of such change to such lands, or to any improvements thereon; and make a just and equitable award of the amount of such loss or damage to the owner or owners of such lands or tenements fronting on such street or avenue and opposite thereto, and affected by such change of grade, and the amount of such award shall be included in the expense of such proceeding, and with such expense shall be assessed as provided in and by section eight hundred and seventy-seven." Under the law as it existed prior to 1910, interest was not recoverable upon a change of grade award, there being no statutory provision therefor. (*People ex rel. Central Trust Company* v. *Stillings,* 136 App. Div. 439; 198 N. Y. 504.) Chapter 701 of the Laws of 1910 amended the Highway Law by adding the following section:

" § 59-a. Interest on damages for change of grade.  Whenever awards shall be lawfully made, pursuant to any statute of this State, for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time

First Department, November, 1920.　　　[Vol. 193.

of the change of grade to the time of the payment of the award."

In sustaining the constitutionality of this statute the court said in *People ex rel. Central Trust Co.* v. *Prendergast* (202 N. Y. 188, 199): " The moral obligation to pay interest [upon an award for damages by change of grade] was as great as the moral obligation to pay the principal:"

In *Matter of Van Cortlandt* v. *Prendergast* (N. Y. L. J. Feb. 4, 1915), Mr. Justice PAGE, at Special Term, granted an application for a peremptory writ of mandamus requiring the comptroller to pay interest under Laws of 1910, chapter 701, upon a change of grade award from the time of the commencement of the construction of a sewer in Broadway in front of the premises there involved; and the ground upon which Mr. Justice PAGE's decision in the last-mentioned cause was based was that in *People ex rel. City of New York* v. *Dickey* (163 App. Div. 948; affd., 212 N. Y. 602), a cause involving the same award, the court had " determined in effect that the commencement of the work on the sewer was the time when the right to the damages became fixed."

In *Matter of East One Hundred & Thirty-eighth St.* (190 App. Div. 933; 228 N. Y. 562) an order was affirmed by a majority of this court allowing the relator additional interest on his award for change of grade from October 9, 1915 (the date the change of grade damage accrued), to September 17, 1917 (the date of the completion and acceptance of the grading), and from December 10, 1918 (the date set for hearing of objections before the board of assessors), to April 11, 1919 (the date of the payment of the principal and part of the interest). That interest was thus directed to be paid because of the provisions of Laws of 1910, chapter 701, hereinabove quoted. Though this case had to do with an award made under the Rapid Transit Act (Laws of 1891, chap. 4, § 39, subd. 2a, as added by Laws of 1913, chap. 540), relator contends that section 873 of the Consolidation Act is applicable to the proceeding and determines her rights, with the added right to interest as fixed by section 59-a of the Highway Law, and that the learned court at Special Term was correct in its allowance of the interest in question.

The defendant, however, contends that neither of the two

sections last referred to has any application to this proceeding, which it claims is regulated by section 951 of the Greater New York charter, as amended by chapter 619 of the Laws of 1918; which as to interest provides as follows: " Interest upon such awards shall be payable at the rate of six per centum per annum from the time of the completion and acceptance of the grading of the street to the date set in the published notice for the hearing upon objections to such awards. Such interest shall be computed by the board of assessors and set forth in its certificate of award."

It is contended that, although relator's claim for damages accrued while section 873 of the Consolidation Act was in force, and although her rights existed solely thereunder until January 1, 1898, that section was superseded and expressly repealed by section 951 of the Greater New York charter taking effect on that date, which was designed wholly to take the place of section 873, and which as originally enacted contained the sentence: "All laws inconsistent herewith are hereby repealed." Conceding that the Legislature was without power wholly to deprive relator of her right to recover damages for the change of grade, and that her rights were recognized by chapter 516 of the Laws of 1916, the defendant contends that it could still take away her remedy before the board of assessors, and that but for section 951 of the charter, she would be without remedy, and that by presenting her claim to the board of assessors, relator submitted to the provisions of section 951, which was the only statutory authority under which the board of assessors had any power to act.

There is one important point of difference between the right to recover damages for a change of grade between that conferred by section 873 of the Consolidation Act and that given by section 951 of the charter. Under the former property owners are entitled to awards of damages sustained in respect of land owned by them as well as to the buildings erected thereon. Under the latter damages are limited to those sustained to the buildings only. But no question arises here as to relator's being deprived of any right given her by section 873. It is not claimed that she has not received an award which as to the principal sum, fully compensates her under that section. Concededly, she had no right to interest

First Department, November, 1920.          [Vol. 193.

under that section, or under the law as it then stood.    There has been no attempt to abridge or destroy any rights she had acquired.    The sole question here is whether she is entitled to further rights (as to interest) conferred by a statute passed twenty years after her original right accrued.    While the defendant admits that relator could not be deprived of any rights that accrued to her under section 873, it urges that no effort has been made to do so, but that when section 951 of the charter was adopted it not merely defined and determined the measure of the damage recoverable by one whose property had been injured by a change of grade, but also provided a complete and exclusive method by which such damage should be fixed and awarded by the board of assessors.    A consideration of the section and its various amendments shows that this was the evident purpose of the Legislature.    Therefore, even if relator had a claim to an award of damages which survived the repeal of section 873 (such as the claim to recover for damage to land as well as to buildings) that claim when presented to the board of assessors, was to be governed as to procedure and all considerations save those of rights theretofore accrued, by the provisions of section 951.    There was no right to interest which had thus accrued. If no amendment to the charter defining what interest might be allowed on a change of grade award had been made prior to October 1, 1918, when the award in question was made, there might be force in relator's contention that she was entitled to interest under the provision of section 59-a of the Highway Law, in view of its general language, for the award to her would have been made pursuant to statute.    (Consolidation Act, § 873.)    But before the award was made herein section 951 of the Greater New York charter had been amended by chapter 619 of the Laws of 1918, which became a law May 11, 1918, and took effect immediately, thus amending the very section under which relator was pressing the determination of the sum to be awarded to her, and thereby fixing the amount of interest to be granted on the awards made by virtue of that section.    In my opinion, section 951, intended to be complete in itself and to furnish the sole rule governing change of grade awards, thus received the addition of the sole element which had theretofore been either overlooked or

purposely omitted so as to cut off interest, and by providing the rule as to the allowance of interest on awards became unquestionably complete in itself. I think that after the, passage of this act, section 59-a of the Highway Law had no further application to awards made under section 951. The amendment of 1918 after providing that " interest upon such awards shall be payable at the rate of six per centum per annum from the time of the completion and acceptance of the grading of the street to the date set in the published notice for the hearing upon objections to such awards," continued: " *Such* interest shall be computed by the board of assessors and set forth in its certificate of award." This was the procedure followed by the board in the present proceeding.

By chapter 516 of the Laws of 1916, section 951 of the Greater New York charter had been amended. The 1st sentence thereof read as follows: " All cases where a change of grade of any street or avenue has been made prior to the taking effect of this act shall, as to the liability to make compensation for damages caused by such change of grade, be governed by the laws in force at the time such change of grade was completed and accepted by the city authorities." (Such date in this proceeding was October 2, 1893.) The Court of Appeals in *People ex rel. Crane* v. *Ormond* (221 N. Y. 283) in holding that the One Hundred and Fifty-fifth street viaduct constituted a change of grade, cited the provision of the amendment referred to and answered in the affirmative the first and second questions certified to it, thereby holding that the board of assessors had jurisdiction to make an award to relator for damages both to buildings and land sustained by reason of the erection of the viaduct. This relegated relator to the procedure for relief under section 951 of the charter under which she has successfully acted. The answers given to these questions demonstrate that relator's rights under section 873 of the Consolidation Act had been preserved, so as to give her the right to recover damages both to land and buildings, but there is no suggestion that the section had any vitality beyond that point. In *Matter of 149th Street Realty Co.* v. *Prendergast* (179 App. Div. 786) this court had before it a claim for damages arising out of a change

of grade, the work on which was completed November 10, 1906. At that time, as has been said, there was no law ,providing for the payment of interest on awards. Mr. Justice SMITH, writing for a unanimous court, held that the act of 1910 entitled the relator to interest; that the amendment of 1916 did not revoke the right to payment of interest in the cases provided by the law of 1910, and that section 951 as amended in 1916 by the 1st sentence thereof "was intended merely to preserve the right to damages where such existed prior to the enactment of the charter of 1897 (Chap. 378) and to exclude the possibility of creating such right where none had theretofore existed; so that if at the time the change of grade was effected there was no law awarding damages therefor, then there would be no liability whatsoever under the act. It remains then only to decide as from what date the interest runs. The wording of amended section 951 of the charter quoted above specifically provides for the payment of interest from the ' time of the completion and acceptance of the grading ' " (at p. 788). While it is true that the court provided for the payment of interest to the time of payment of the award (which is beyond the time fixed by section 951), I believe that the opinion demonstrates that this court treated the application for damages as being controlled by the provision of section 951. The order was affirmed without opinion in 222 New York, 654.

*Matter of East One Hundred & Thirty-eighth St.* (190 App. Div. 933, no opinion; no opinion at Special Term; affd., without opinion, 228 N. Y. 562) was a claim arising under chapter 540 of the Laws of 1913, which added subdivision 2a to section 39 of the Rapid Transit Act. That act is separate and distinct from the city charter and contains a complete provision for the right to recover damages and the procedure for the ascertainment thereof. It is still in force and applies to all changes of grade occasioned by the construction of subways. Its status is very different from that of section 873 of the Consolidation Act.

My conclusion is that at the time the award to relator by the board of assessors was made, section 873 of the Consolidation Act had been repealed and was inoperative except that in so far as relator had acquired rights thereunder they

could not be destroyed; that her right to interest under section 59-a of the Highway Law had been superseded by the new right to interest given her under section 951 of the Greater New York charter as amended in 1918; that section 951 furnished a complete and exclusive method of procedure for the ascertainment of plaintiff's damages and for the fixation of interest thereon; that the board of assessors acted in exact accordance with said section in making their award to relator; and that the result reached by them was correct and should be sustained.

In so far as relator appeals therefrom the order is affirmed. Upon defendant's appeal the order is reversed, with ten dollars costs and disbursements, and the application for a peremptory writ of mandamus is denied.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Order so far as appealed from by relator affirmed; on defendant's appeal, order reversed, with ten dollars costs and disbursements, and motion denied.