**ALLBRIGHT BROS., CONTRACTORS, Inc., and For Use and Benefit of NATIONAL SURETY CORP.**

**v.**

**HULL–DOBBS CO. et al.**

**No. 11785.**

United States Court of Appeals, Sixth Circuit.

Dec. 11, 1953.

A. L. Barber, Little Rock, Ark. (Sam P. Walker, Memphis, Tenn., on the brief), for appellant.

John S. Porter, Memphis, Tenn., for appellee Hull-Dobbs Co.

J. H. Spears, W. Memphis, Ark. (Leo Bearman, Memphis, Tenn., on the brief), for appellee, Dealers Truckstell Sales, Inc.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

Appellant, after payment of judgments entered against it as a tortfeasor in negligence cases in a state court in Arkansas, sued appellees for the use and benefit of its insurance company, to recover contributions from them as joint tortfeasors. Appellees moved to dismiss the case on the ground that appellant's payment of the judgments did not release, or purport to release them from liability to the injured parties in the negligence case, and that, under the provisions of the Arkansas Joint Tort-

feasor statute, which is here, admittedly, controlling, appellant is not entitled to a judgment for contribution against a joint tortfeasor since it has not, by payment, discharged the common liability, and extinguished the liability of the joint tortfeasors to the injured parties.

It appears that the judgments entered in the original negligence action were entered upon a settlement agreement in which it was provided that the payments made by appellant to the injured parties were in full and complete settlement "of any and all claims, actions, or causes of action accruing to the Plaintiffs, and arising out of the accident complained of." In the judgments, the state court in Arkansas recited that the settlements in the judgments were "in full settlement and satisfaction of any and all claims, action or actions, cause or causes of action of the several Plaintiffs and all damages of every kind and description arising out of the accident complained of in the Complaint."

On the motion of appellees, the district court dismissed appellant's suit, with prejudice, on the ground that the settlements and judgments in the state court in Arkansas only released appellant from liability and did not extinguish the liability of appellees to the injured parties; and that, under the Arkansas Joint Tortfeasor statute, appellant was not entitled to contribution. As observed by the district court, the names of appellees were not mentioned either in the settlement agreements or in the judgments entered upon them.

It is the contention of appellant that since the settlements and judgments were in full and complete settlement and satisfaction of any and all claims of the injured parties and all damages of every kind and description arising out of the accident, such settlements and judgments extinguished the liability of appellees, as joint tortfeasors, to the injured parties. The district court declared, however, that the settlements and judgments did not purport to be for the benefit of appellees, and did not release

them from a liability with which they were not charged in the suit.

The Arkansas Joint Tortfeasor statute, in so far as here applicable, provides:

"A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

"A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement. * * *

"Nothing in this act shall be construed to affect the several joint tortfeasors' common law liability to have judgment recovered and payment made from them individually by the injured person for the whole injury; but the recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasor. * * *

"A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides * *." Sections 34–1002, 1003, and 1004 of the Arkansas Statutes 1947 Annotated.

The release of appellant by the injured parties did not, under the foregoing statutory provisions, discharge appellees, since it did not therein provide for their release. They were not named in the release and settlement agreements or in the judgments entered thereon; and a release of one joint tortfeasor does not discharge another tortfeasor not named therein. See Raughley v. Delaware Coach Co., Del.Super., 91 A.2d 245.

The liability of appellees to the injured parties was not extinguished by appellant's settlement agreements and the judgments entered thereon; and ap-

pellant, under the above statutory provisions, was not entitled to contribution from appellees, inasmuch as it had not discharged the common liability.

The judgment of the district court is affirmed for the reasons stated by Judge Boyd in his opinion and order.