The HANOVER INSURANCE COMPANY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. LR 63 C 170.

United States District Court
E. D. Arkansas, W. D.
June 5, 1964.

**7**

B. S. Clark, of Smith, Williams, Friday & Bowen, Little Rock, Ark., for plaintiff.

Jeff Davis, Jr., Asst. U. S. Dist. Atty., Little Rock, Ark., for defendant.

YOUNG, District Judge.

This action is brought by plaintiff, as subrogee of McConnell Heavy Hauling Company (hereinafter referred to as McConnell), against the Government under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) (1962).

Plaintiff alleges that on May 10, 1962, a judgment was recovered in Circuit Court of Faulkner County, Arkansas, against its insured McConnell in the amount of $13,425.00 for personal injuries sustained in an automobile collision which plaintiff now contends was caused by the joint negligence of its insured and a United States Army vehicle. Plaintiff, as insurer of McConnell, negotiated a settlement of the claims made in the Circuit Court, pending an appeal, and obtained a release of these claims from the injured parties signed by them in blank.

Briefly stated, the facts giving rise to the state court action are as follows: McConnell was transporting a heavy piece of machinery across a bridge when an Army truck approached from the opposite direction. Just as soon as the driver of the Army truck saw the wide load crossing the bridge he brought his truck to a complete stop. The automobile following the Army truck collided with the rear of the Army vehicle, causing personal injuries to the occupants who filed suit against McConnell. The Government was not made a party to the state court action and the jury returned a verdict against McConnell.

Plaintiff, in its complaint first based the instant action on the theory of contribution under Ark.Stat. § 34–1002 (Repl.1962), contending that McConnell, as a joint tortfeasor with the Government, was entitled to contribution. The Government filed a motion to dismiss, relying on Smith v. Tipps Engineering & Supply Co., 231 Ark. 952, 333 S.W.2d 483, 485 (1960), and Allbright Bros. Contractors, Inc., v. Hull-Dobbs Co., 209 F.2d 103 (6th Cir. 1953). Plaintiff then abandoned the theory of contribution and amended its complaint asserting its cause of action based on an alleged right to indemnity. The Government denies any such right of recovery in favor of plaintiff and now moves for summary judgment, relying on Fid. & Cas. Co. of N. Y. v. Jones Constr. Co., 200 F.Supp. 264 (E.D.Ark.1961), aff'd 325 F.2d 605 (8th Cir. 1963).

The sole question raised by this motion for summary judgment made by the Government is whether or not a right of indemnity exists on behalf of McConnell against the Government, whose only legal relationship to one another is that of joint tortfeasors. It is the view of this Court that under the law of Arkansas there is no such right of indemnity on behalf of McConnell against the Government in the case at bar.

At the outset, it should be observed that the Government is liable in the instant action, if at all, " * * * if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) (1962). The law of Arkansas, which governs the instant case, is not entirely clear with respect to the question now presented, notwithstanding plaintiff's oversimplification that "[e]xisting decisions on the subject have brushed aside technical distinctions and courts are inclined to proceed on the merits of the situation * * *." E.g., see Anthony v. La. & Ark. Ry., 316 F.2d

858, 866–868 (8th Cir. 1963) (Dissenting District Judge Van Pelt's final comment: "I recognize this as a difficult case and I do not by this dissent intend in any manner to be critical of the distinguished trial judge and my two esteemed colleagues who have reached a different conclusion."), affirming per curiam 199 F. Supp. 286 (W.D.Ark.1962). See also the following: 1 Harper & James, Torts § 10.2 (1956); Prosser, Torts pp. 246–251 (2d Ed.1955); Leflar, Contribution and Imdemnity Between Tortfeasors, 81 U. Pa.L.Rev. 130 (1932).

Plaintiff asserts its right to bring the instant action for indemnity, relying on Chi., R. I. & Pac. Ry. v. United States, 220 F.2d 939 (7th Cir. 1955), St. L.-San Francisco Ry. v. United States, 187 F.2d 925 (5th Cir. 1951), Terminal R. Ass'n v. United States, 182 F.2d 149 (8th Cir. 1950), and United States v. Chi., R. I. & Pac. Ry., 171 F.2d 377 (10th Cir. 1948). All of these cases involve actions by a railroad to recover for liability incurred by the railroad to their employees who were injured in their course of employment because of a third person's negligence, i. e., some agent, employee or instrumentality of the Government. That such a right to indemnity exists in favor of a master against the tortious third party who negligently injures the master's servant while in his course of employment is not disputed. Restatement, Restitution § 94, Comment a. (1958). However, these cases are wholly distinguishable from the case at bar since the only legal relationship of McConnell and the Government is that of joint tortfeasors. See generally the cases collected in Annot., 171 A.L.R. 271 (1947), and Annot., 75 A.L.R. 1486 (1931).

In Fid. & Cas. Co. v. Jones Constr. Co., 325 F.2d 605, 611 (8th Cir. 1963). Judge Van Oosterhout quoted at length from the opinion of the Pennsylvania Supreme Court in Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319 (1951), factually similar to the instant case, as follows:

" * * * In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury."

Prior to the Jones Constr. Co. decision, in Anthony v. La. & Ark. R.R., supra, an indemnity action brought by a railroad against a lumber company to recover for an amount paid by the railroad to its brakeman for injuries received on the job due to the alleged negligence of the lumber company, the Eighth Circuit Court of Appeals deemed it "inappropriate and unnecessary" to determine the type of negligence of the respective parties notwithstanding the trial court's finding that the railroad was only "passively negligent" in failing to provide its brakeman with a safe place to work and the trial court's further conclusion that the railroad was therefore entitled to seek indemnity. Instead, the Court of Appeals permitted recovery on the theory of indemnity based on the spur track agreement executed by the parties and containing indemnity provisions. The Anthony case must be distinguished from the instant case since there the parties not only occupied the legal relationship of master seeking indemnity from a tortious third party who had negligently caused injury to the master's servant, for which the master had incurred liability to the servant, but also the parties had in force at the time of the injury a

binding contract containing indemnity provisions whereby the third party agreed to indemnify the master for such damages which he might sustain. Compare Southwestern Greyhound Lines v. Crown Coach Co., 178 F.2d 628 (8th Cir. 1949) (Applying Texas law to indemnity action betweeen subtenant and tenant of bus station to recover for amount paid by subtenant to passenger injured in the station.)

■ Counsel have cited no Arkansas cases which clearly point to what, if any, exceptions Arkansas may impose upon the general rule denying indemnity to parties occupying no other legal relationship to each other than that of joint tortfeasors. Nor has the Court found any such cases. For a brief discussion of this question, see Note, 17 Ark.L.Rev. 204 (1963) (Citing Arkansas cases, all of which involved actions between parties having a legal relationship other than solely that of joint tortfeasors.)

■ Plaintiff strongly argues the exception to the general rule denying indemnity between joint tortfeasors to the effect that " * * * where the relation of two persons to certain conduct is such that both may be liable to a third party and one is only passively negligent, but is exposed to liability through the positive acts and active negligence of the other, the principal wrongdoer may be made to respond for all the damages to one less culpable though legally liable to third persons." Blashfield, Cyclopedia of Automobile Law & Practice § 7071 (1936). In relying on this proposition, plaintiff, of course, assumes that McConnell was only passively negligent and the Government, through its employee, was actively negligent by positive acts and was the principal wrongdoer more culpable than McConnell. However, a reasonable analysis of the facts simply does not support the assumption that McConnell was only passively negligent. On the contrary, giving the plaintiff every favorable inference reasonable from the facts alleged in the uncontroverted affidavit supporting the motion for summary judgment, and the plaintiff's complaint, as well as the

exhibits from the state court attached thereto, it cannot fairly be said that McConnell was only passively negligent; indeed, the very least which must be concluded is that McConnell was an active tortfeasor. Compare Builders Supply Co. v. McCabe, supra. Further, plaintiff cannot now rely upon the state court judgment for the purpose of seeking indemnity and at the same time avoid the conclusiveness of this judgment with respect to its subrogor's own negligence. See cases collected in Annot., 24 A.L.R.2d 319 (1952).

■ Even assuming *arguendo* that the active-passive negligence exception to the rule barring indemnity between joint tortfeasors is the law of Arkansas, which is certainly open to question, the Court is compelled to the conclusion that the facts of the instant case do not fall within this exception.

The motion for summary judgment will be granted.