ROBERT THEOBALD, PLAINTIFF-APPELLANT, v. KENNEY'S SUBURBAN HOUSE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 10, 1966—Decided December 5, 1966.

*Mr. Frank E. Vittori* argued the cause for appellant (*Mr. John H. Reiners, Jr.,* attorney).

*Mr. Michael Patrick King* argued the cause for respondent (*Messrs. Kisselman, Devine, Deighan and Montano,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J. The trial court held that a claimant who received satisfaction of a judgment against one tortfeasor was thereby barred from suing a co-tortfeasor. Plain-

tiff appealed and we certified the cause before argument in the Appellate Division.

## I

This is the third appeal before us arising out of an accident which happened this way: A car driven by one Anderson went out of control and came to rest partly on plaintiff's property and partly on the street. Angelos, a police officer of Delaware Township, responded to a call and parked the police car behind Anderson's. Conaty crashed into the rear of the police car, thereby crushing plaintiff who was standing between the police car and Anderson's vehicle.

Plaintiff sued Conaty. Conaty brought in Anderson and Angelos and Angelos' employer, the township, claiming a right of contribution against them as joint tortfeasors. Plaintiff then amended his complaint to name those additional parties as co-defendants.

Prior to trial, plaintiff settled with Anderson for $1,500 and with Conaty for $88,500. The trial against Angelos and the township resulted in a verdict of $65,000. On plaintiff's appeal we found the charge to the jury was not clear with respect to whether the verdict should be in the full amount of plaintiff's damages and hence we ordered a new trial as to damages only, reserving for later consideration the issues concerning the impact of the settlements with Anderson and Conaty upon the amount of the liability of Angelos and his employer. *Theobald v. Angelos,* 40 *N. J.* 295 (1963).

Upon the retrial, the jury fixed the total damages at $165,000. With respect to the $1,500 settlement with Anderson, the trial court held that Angelos and the township (they are considered as one for the purpose of contribution) were entitled to a *pro tanto* credit in the sum of $1,500, rather than a *pro rata* credit of one-third of the jury verdict, and this because Anderson had been found by the jury to be free of negligence. As to the settlement with Conaty for $88,500, which sum exceeded Conaty's *pro rata* (50%) share of the verdict of $165,000, the trial court held that the judgment

debtors were entitled only to the *pro rata* credit. We affirmed. *Theobald v. Angelos,* 44 *N. J.* 228 (1965).

The present appeal involves a separate suit brought by plaintiff for the same injuries against Kenney's Suburban House, Inc. (herein Kenney), the operator of a restaurant, on a charge that it too was at fault in that it sold liquor to Conaty when he was intoxicated, in breach of a duty we recognized in *Rappaport v. Nichols,* 31 *N. J.* 188 (1959). Kenney contended that plaintiff could not maintain the action because the judgment against Angelos and the township had been paid and satisfied of record. As we have said, the trial court agreed and gave judgment for the defendant.

Plaintiff agrees he cannot obtain more than one full satisfaction for his injuries and losses, but says in substance that their full value is the highest sum awarded against any of the tortfeasors and hence it cannot be known whether he has been fully paid until a verdict is had in this suit against Kenney. We think the trial court correctly rejected that proposition for the reasons which follow.

## II

Joint tortfeasors being severally as well as jointly liable, the injured party may pursue them in separate actions, see *Kennedy v. Camp,* 14 *N. J.* 390, 395 (1954), subject of course to motions to consolidate. But it is generally agreed that if the claimant receives[1] satisfaction of a judgment

---

[1] The cases elsewhere divide upon the question whether the plaintiff may be compelled to accept payment of a judgment against one tortfeasor and thus be barred from pressing a claim against another tortfeasor, the majority view being that plaintiff is not so barred unless he accepts payment. See 52 *Am. Jur., Torts* § 132, *p.* 468; Annotations, 166 *A. L. R.* 1099, 1107 (1947) ; 27 *A. L. R.* 805, 810 (1923). The *Restatement of Torts* (1939) subscribes to the view that "an unaccepted tender of payment or a payment into court of the amount of the judgment by a judgment debtor without the consent of the judgment creditor does not terminate the claim against other persons liable for the same harm." Comment *c* to § 886. Plaintiff having accepted payment and satisfied the judgment of record, that issue is not before us.

against one, his rights against all are thereby concluded. *Restatement of Judgments* § 95 (1942) ; 4 *Restatement of Torts* § 886 (1939) ; *Prosser, Torts* § 45, *p.* 268 (1964) ; 1 *Harper and James, Torts* § 10.1, *p.* 710 (1956) ; 30A *Am. Jur., Judgments* § 1007, *p.* 865; 52 *Am. Jur., Torts* § 131, *p.* 467; Annotations, 166 *A. L. R.* 1099 (1947) ; 65 *A. L. R.* 1087 (1930) ; 27 *A. L. R.* 805 (1923).

The precise issue seems to have been involved in our State only in *Vatlani v. Damiano,* 9 *N. J. Misc.* 290, 153 *A.* 841 (*Cir. Ct.* 1931), where the satisfaction of a judgment was held to bar a suit against another alleged tortfeasor, and this even though the judgment was entered by consent and expressly provided that neither its entry nor its satisfaction would prejudice such other suits. The precise result there reached is debatable and we express no view with respect to it, but the case does reflect an understanding in our State that the satisfaction of a judgment against one tortfeasor, at least in a contested case, satisfies plaintiff's claim against all co-tortfeasors. Thus when the present litigation was first before us, we included in our summary of the common law rules the proposition that the actual satisfaction of a judgment against one tortfeasor forecloses a claim against others liable for the same wrong. *Theobald v. Angelos, supra,* 40 *N. J.,* at *p.* 301.

Plaintiff does not challenge this view of the common law but says the adoption of our statute providing for contribution among tortfeasors nullified it and permits the injured party to collect successively from joint tortfeasors up to the amount of the largest judgment. One case has so held with respect to the 1939 Uniform Contribution among Tortfeasors Act. *Hackett v. Hyson,* 72 *R. I.* 132, 48 *A.* 2*d* 353 (*Sup. Ct.* 1946). The thesis of that decision is that the statute placed the satisfaction of a judgment on a par with the execution of a general release, the sum received therefor to be applied *pro tanto* in payment of the judgment against another tortfeasor as that statute provides with respect to a release. The same result was reached under the Arkansas contribution statute,

with respect, however, to a "friendly" judgment "placed on the court records for the sole purpose of making the settlement more binding." *Smith v. Tipps Engineering & Supply Co.*, 231 *Ark.* 952, 333 *S. W. 2d* 483 (*Sup. Ct.* 1960); see *Allbright Bros. Contractors, Inc. v. Hull-Dobbs Co.*, 209 *F. 2d* 103 (6 *Cir.* 1953). On the other hand, the Pennsylvania Supreme Court, expressly declining to follow *Hackett,* held that under the 1939 uniform statute the satisfaction of a judgment entered against one tortfeasor upon a full trial did discharge the other joint tortfeasors. *Hilbert v. Roth,* 395 *Pa.* 270, 149 *A. 2d* 648 (*Sup. Ct.* 1959); see also to the same effect, *Raleigh v. Peterson (Peterson v. Follett),* 165 *F. Supp.* 47 (*M. D. Pa.* 1958).

In *Hackett,* the Rhode Island court turned the result primarily on section 3 of the 1939 uniform statute, 9 *U. L. A.* 241, which provided that "The *recovery* of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors." The court read "recovery," which we have italicized, to mean the "recovery" of the moneys represented by the judgment and hence the collection of the judgment rather than its mere entry. But it seems probable that the National Conference of Commissioners meant no more by section 3 than to codify the general rule that the mere entry of a judgment does not discharge other tortfeasors, and in the 1955 version of the uniform statute the Commissioners made it clear that they intended no more. Thus section 3(e) of the 1955 proposal, 9 *U. L. A.* (*Supp.* 1965), *p.* 124, reads:

"The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death *unless the judgment is satisfied.* The satisfaction of the judgment does not impair any right of contribution." (Emphasis added.)

The Commissioners' comment tells us that section 3(e) "simply states the well established rule that the injured party in obtaining judgment against one joint tortfeasor does not thereby discharge the others, although there may, of

course, be but one satisfaction of the claim." We add that our Legislature did not adopt section 3 of the 1939 uniform act, and hence we do not have the provision which the Rhode Island court found to be pivotal.

The essential thesis of our statute is that a tortfeasor who pays a judgment in whole or in part "shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his *pro rata* share." *N. J. S.* 2A:53A-3. It seems to us that this statutory theme, far from contradicting the common law rule with respect to the satisfaction of a judgment, actually supplies a need for it. This is so because otherwise a defendant might be denied the protection of the judgment plaintiff obtained against him. Here, for example, Angelos and the township are entitled to seek to recover from Kenney, if Kenney is a co-tortfeasor, the excess paid by them over their *pro rata* one-third share of the satisfied judgment in the sum of $165,000. But if plaintiff obtained against Kenney a judgment either larger or smaller than the judgment against Angelos and the township, there would be a collision between the positions of the defendants. If the judgment against Kenney were less than $165,000, Kenney would of course insist upon the limits of that judgment in a suit by Angelos and the township for contribution, and if the judgment against Kenney were for more than $165,000, Kenney would not only resist a claim for contribution pressed by Angelos and the township, but also, if the judgment against Kenney were high enough, Kenney might seek contribution from them. Either way, plaintiff by obtaining a judgment against Kenney would deny one defendant or the other the benefit of the dollar finding made in the action between such defendant and the plaintiff. This being so, the contribution statute supplies a reason to stay with the rule that the satisfaction of a judgment entered upon a contested trial will bar a further action against other joint tortfeasors.

Plaintiff seeks to find support for his position in the majority opinion upon the last appeal. There, it will be

recalled, the judgment debtor sought to avoid liability for a full *pro rata* share of the judgment on the ground that the co-defendant Conaty had paid in pretrial settlement more than his *pro rata* share if calculated on the basis of the judgment later entered. The majority rejected that position. In doing so, the majority opinion pointed out that the rule which limits a claimant to a single satisfaction of his claim was of equitable origin and hence in deciding its applicability to the factual pattern there before us, we should consider (1) the fairness of the proposed application and (2) its utility.

As to fairness, we spoke of several things. We said that in the nature of the subject no verdict can be thought to be so faultless an estimate of the actual damage that a total payment in excess of it must inevitably constitute more than full satisfaction. We added that if in fact plaintiff was thereby unjustly enriched, it was at the expense of Conaty and hence the equity, if any, was not the judgment debtor's. Finally we said that since under our statute a plaintiff had to give a *pro rata* credit with respect to a settlement for a lesser sum, it would, overall, be unfair to claimants wrestling with pretrial settlements to subject them also to a rule that a settlement which exceeds a *pro rata* share as measured by a later verdict against the remaining defendants shall entitle such defendants to more than a *pro rata* credit.

And as to the second aspect of the problem before us on that appeal, *i. e.,* the utility of the proposal the judgment defendants were there advancing, the majority opinion pointed to the public's interest in the disposition of cases by settlement, and in that regard said that if a non-settling defendant were given a full *pro rata* credit as to a settlement which was too low and also a *pro tanto* credit if the settlement should exceed the *pro rata* figure as later fixed by a verdict, a plaintiff conscious of the risk would not settle with less than all, and for like reasons a defendant might sit back while his co-defendants settled, in the hope of a windfall if the plaintiff should miscalculate. We said, too, that if a

credit had to be given in excess of a *pro rata* share of a judgment, a plaintiff might be compelled to appeal from a low judgment he would otherwise accept. For these reasons we concluded that in terms of utility, we should not permit the judgment debtor to avoid any part of his *pro rata* obligation under the judgment against him on the basis of a voluntary settlement plaintiff made with another.

On the present appeal plaintiff seizes upon the observation of the majority opinion that no one can say with certainty that any given verdict represents the single incontestable value of a claim for personal injuries. From that rather obvious proposition, plaintiff says it follows he should be able to go to judgment against each tortfeasor separately to obtain the largest figure. The answer, apart from the equally obvious fact that in the undiscernible truth the highest judgment may indeed be excessive, is that the ultimate question here, as on the last appeal, is whether the rule plaintiff proposes is desirable in terms of (1) fairness and (2) utility. Weighed in these terms, plaintiff's proposal must be rejected.

As to fairness, plaintiff of course has had his day in court with respect to the amount of his claim.[2] Further, as we said earlier, multiple judgments would likely deprive one defendant or another of the benefit of the judgment entered in his contest with plaintiff. And if mathematically both defendants could be protected in this regard by an adjustment at plaintiff's sole expense, still the result would be unsatisfactory, for in the long run multiple trials disserve both plaintiffs and defendants. This is so because, overall, plaintiffs will likely obtain the best evaluation of their damages when all the tortfeasors are on hand, and at the same time all will be spared the burden of further litigation if their respective rights are settled at one trial. And finally plaintiff's proposal would disserve the public interest. Multiple suits in a single controversy tax the facilities of the judiciary and bur-

---

[2] It might be noted, although our holding does not turn upon this further fact, that in the present case the amount was fixed in a trial as to damages only.

den the taxpayers who must support it. Although the rules of court do not compel the joinder of all alleged tortfeasors in a single suit and the contribution statute in terms contemplates that several suits may be prosecuted, *N. J. S.* 2A:53A–3, nonetheless we ought not encourage a series of suits when one will do.

■■ For these reasons we are satisfied that we should not depart from the rule that the satisfaction of a judgment obtained against one tortfeasor bars the maintenance by plaintiff of an action against another tortfeasor for the same claim.

We should add that the argument of this cause branched into the separate subject, whether on principles of *res judicata* or collateral estoppel, a finding as to damages in an action against one tortfeasor will be conclusive in a separate action against another tortfeasor if that tortfeasor chooses so to assert, either with or without a confession as to liability. That issue is not necessarily involved since here the first judgment was satisfied and, as we have just held, the receipt of satisfaction of the first judgment bars the second suit. This being so, the issue is better reserved for a case in which its possible ramifications may be more fully explored.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN — 6.

*For reversal* — None.