## Gladys BARNETT et al *v.* Robert ISABELL

83-303                                      666 S.W.2d 393

Supreme Court of Arkansas
Opinion delivered March 26, 1984
[Rehearing denied April 30, 1984.]

*Highsmith, Gregg, Hart, Farris & Rutledge,* by: *Linda Boone,* for appellants.

*H. David Blair,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellants, the Barnett family, were involved in an automobile accident on June 17, 1982, when their vehicle was struck by a truck driven by appellee, Robert Isabell. Appellee was employed by the owner of the truck, Bradley Farm Supply, hereinafter employer. Appellants filed suit against the employer alleging negligence under the doctrine of respondeat superior. A judgment was entered in favor of appellants which was satisfied by the employer on June 8, 1983.

Appellants then filed a complaint on June 21, 1983, against appellee/employee claiming damages for the same injuries arising out of the same occurrence as that involved in the preceding suit against the employer. The trial court granted summary judgment for appellee.

The judgment in the first case was conclusive. The plaintiff had a fair opportunity to pursue his claim the first time. We stated in *Ted Saum & Co.* v. *Swaffor,* 237 Ark. 971, 377 S.W.2d 606 (1964):

> . . . The true reason for holding an issue res judicata is not necessarily for the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issue.

The case of *Davis, Administratrix* v. *Perryman,* 225 Ark. 963, 286 S.W.2d 844 (1956), is also applicable here:

> It is a prevailing rule that as regards actions growing out of an accident, in which liability is claimed on the ground of the alleged negligence of a servant or agent, a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is res judicata, or conclusive, as to such issue of negligence, in a subsequent action against the other, a derivative responsibility being present.

Appellant argues that the rule of *Woodard* v. *Blythe,* 249 Ark. 793, 462 S.W.2d 205 (1971), should apply to the present facts. We disagree. In *Woodard* two separate and independent acts combined to produce the death of the decedent. There was no derivative liability between the two tortfeasors. However, in the present case the liability of the employer for the acts of his employee is wholly derivative based upon the theory of respondeat superior. Therefore, a judgment and satisfaction would bar any further proceedings based on the same tortious act.

Appellant argues that under The Uniform Contribution Among Joint Tortfeasors Act, Ark. Stat. Ann. §§ 34-1001—34-1009 (Repl. 1962), recovery and satisfaction of a judgment from one tortfeasor does not preclude a suit against the other tortfeasor [See, *Smith* v. *Tipps Engineering & Supply Co.,* 231 Ark. 952, 333 S.W.2d 483 (1960)]. This is true but the act is inapplicable where, as here, there has been a judgment and satisfaction based on a purely derivative theory.

Affirmed.