The order overruling the demurrer should be affirmed, with costs.

---

## JOHNSON *a.* TUTTLE.

*New York Common Pleas; General Term, July,* 1863.
*Again at same Term.*

INTEREST ON JUDGMENT.—SUPPLEMENTARY PROCEEDINGS.—
PERSONAL SERVICE.

Every judgment bears interest from the time of perfecting it.
The payment of the principal sum due upon a judgment, is not a bar to supplementary proceedings to collect the interest.

---

Where a judgment-debtor, who had been duly served in supplementary proceedings with an order for his appearance, moved to vacate the order, which motion was denied, with a direction that the debtor appear on a subsequent day,— *Held*, that the second order need not be personally served.

I. *July*, 1863.—Appeal from an order in supplementary proceedings.

Judgment was recovered by Nathaniel Johnson against Smith Tuttle in the Second District Court, New York city, for $43.88. After the filing of the transcript, &c., an order was made by one of the judges of this court requiring the defendant to attend before a referee and be examined concerning his property. The other facts are sufficiently stated in the opinion. The order appealed from was made August 19th, 1862. The appeal was by the defendant.

*Smith Tuttle*, appellant, in person.—I. The judge had no jurisdiction to grant the second order. The interest upon a judgment is an incident to it, not a part of it.

II. The $8 costs was improperly allowed. If the non-payment of interest and disbursements gave jurisdiction, the defendant's motion should have been merely denied.

*Peter J. Gage*, for the respondent.

By THE COURT.*—DALY, F. J.—When the order of July 17, 1863, was served, there was due upon the judgment $43.88, together with the disbursements attending the issuing and return of the execution, and the filing of the transcript, and interest from the perfecting of the judgment. Every judgment bears interest from the time of perfecting it. (*Laws of* 1844, 508, ch. 324, § 1; Sayre a. Austin, 3 *Wend.*, 496.) Between the service of the supplementary order and the day for appearance under it, the defendant paid $44. The referee not being present upon the return-day, the plaintiff obtained another supplementary order, directing the defendant to appear before the referee at another day. The defendant insists that the judge had no jurisdiction to grant this order, as the defendant had then paid more than the amount for which judgment had been entered, the interest and disbursement, accruing after the entry of the judgment, being, as he insists, merely incident to the judgment, and forming no part of it.

The interest and the disbursements are collectable upon the execution; and by the Code (§ 292), as long as any part of the execution remains unsatisfied, the judgment-creditor is entitled to an order requiring the debtor to appear and answer respect-

* Present, DALY, BRADY, and HILTON, JJ.

ing his property. This was the case here. The first order having fallen through in consequence of the absence of the referee, the plaintiff was entitled to another order, as the interest and disbursements, which were collectable under the execution, still remained unsatisfied. The judgment-creditor, moreover, was entitled to his disbursements and costs upon the proceedings supplementary. The defendant moved to set aside the second order. The judge refused to do so, unless the defendant would pay the plaintiff $8 costs. As the defendant was not entitled to have it set aside as a matter of right, he could have it only upon such condition as the judge saw fit to impose. Upon the failure to comply with this condition, the judge directed the defendant to appear and be examined before the referee on the 3d of September, 1862. The defendant refusing to do either, appealed from the order. The appeal must be dismissed. If the defendant will not accept the condition, he must appear before the referee and be examined. The order below must be affirmed ; and as the time has gone by for the appearance of the defendant before the referee, the plaintiff may obtain another order, directing him to appear at a future day.

HILTON and BRADY, JJ., concurred.

Order affirmed, with $10 costs.

II. *July*, 1863.—Appeal from an order allowing substituted service.

A second appeal in the same action was decided at the same term. On an affidavit of the plaintiff's attorney, showing that he had vainly attempted to serve upon the defendant the order of August 19th, 1862, and setting forth numerous visits to defendant's office, &c., an order was made directing that the order of 19th August be served in the manner required in cases of substituted service. The defendant, on an affidavit setting forth his recent continued absence from the State, moved to vacate the order directing substituted service on the merits, and for irregularity. His motion was denied, and he appealed.

*Smith Tuttle*, appellant, in person.—I. The order for substituted service could not be made except upon the return or affidavit of a sheriff, deputy sheriff, or constable. (*Laws of* 1853, 974, ch. 511.)

II. The facts are not set forth showing that appellant had evaded or attempted to evade service.

*Peter J. Gage*, for the respondent.

DALY, F. J.—There is no ground whatever for this appeal. The order was served in the mode required by section 409 of the Code. The defendant is an attorney, and his office being closed, so as not to admit of service, then the paper was left at his residence with a person of suitable age and discretion. The order for substituted service, under the statute of 1853, was entirely unnecessary, and the fact that the affidavit upon which it was obtained was insufficient, was immaterial. The order in the case was one simply extending the time for defendant to comply with the terms of an order upon which he had been heard, and could therefore be served in the mode pointed out by section 409.

BRADY and HILTON, JJ., concurred.

Order affirmed, with $10 costs.

