State v. Mills et al., 23 N. M., 549

(No. 1999, December 26, 1917.)

## STATE v. MILLS, et al.

### SYLLABUS BY THE COURT.

1. A judgment against a surety on a bond given to secure the payment of territorial money on deposit in a bank concludes the state from maintaining an action against an indemnitor, or his heirs, who executed a bond of indemnity to the surety, where the state had full knowledge of the alleged relation of principal and agent existing between the surety and the indemnitor.        P. 554

2. A judgment creditor of a surety on a bond given to secure the payment of territorial money on deposit in a bank cannot maintain an action against an indemnitor' of the surety, nor his heirs, where the indemnity bond is conditioned on saving the surety harmless from loss or damage on account of signing as surety, and the surety is insolvent, and has suffered no loss or damage.        P. 556

Appeal from District Court, Santa Fe County; Mechem, Judge.

Complaint by the State of New Mexico against Melvin W. Mills and others. From a judgment dismissing the complaint, the State appeals. Affirmed.

Frank W. Clancy, Attorney General, for the State.

Any security given by principal debtor immediately inures to benefit of creditor of surety.

Green v. McDonald, 70 Vt. 372, 377; Moses v. Murgatroyd, 1 Johns. Ch. 129; Bank vs. Hunt, 8 Ala. 866, 872; Whitehead vs. Henderson, 67, Ark. 200, 205; Van Orden v. Durham, 35 Cal. 136, 144 to 146; Plant v. Storey, 131, Ind. 46, 48-50; Loehr v. Colborn, 92 Ind. 24, 29-30; Bank of U. S. v. Stewart, 4 Dana, 27-8; Institution for Savings v. Bank, 9 Allen, 175, 178; Owens v. Miller, 29 Md. 144, 61; Bank v. Knickerbocker, ,25 Mich. 311, 312-316-7; Bank v. Davis, 87 Mo. App. 242, 246-7; Bank v. Helmer, 59 Neb. 176; Bank v. Wright, 45 Neb. 23,27-8; Bank v. Hunton, 70 N. H. 224; Vail v Foster, 4 N. Y. 312; Sherrod v. Dixon, 120 N. C. 60, dissenting opinion 67-8; Kinsey v. McDearmon, Cold. 395-6; Phillips v. Thompson, 2 Johns. Chi. 418; Tn Eyck v. Hlmes, 3 Sndf. Chi. 428 o 430; Aldrich vs. Martin, 4 R. I. 522; Taylor v. Bank, 87 Ky. 402.

In some cases attempts have been made to distinguish betweeen indemnity given to the surety for the benefit of the surety only, and indemnity given accompanied by a promise to pay, but this distinction does not appear to be sound and has been repudiated in a number of cases.

Swift v. Cortrecht, 112 Fed. 709, 713-4; Ijames v. Gaither, 93 N. C. 358, 362; Wiswall v. Potts, 5 Jones Eq. 184, 189; Pendery v. Allen, 60 Ohio St. 121, 139; Morrill v. Morrill, 53 Vt. 74, 79-80; Institution for Savings v. Bank, 9 Allen 178.

William J. Lucas, of East Las Vegas, for appellees.

For definitions of word "stranger" see: Anderson's

Law Dict.; O'Donnell v. McIntyre, 118 N. Y. 156; Mavit yv. Stover, 94 N. W. 834; Suppiger v. Garrels, 20 Ill. App. 629.

Appellees were not party to contract and cannot incur liability thereunder. 9 Cyc. 702; Gallup E. L. Co. v. Pacific Imp. Co. 16 N. M. 86; Keinath v Reed, 137 Pac. 841.

Obtaining judgment against Mills, after knowledge of the facts bars suit against appellees. 23 Cyc. 1265.

"An indemnitor has the right, for his own protection, to defend an action against his principal." Brandt on Suretyship, 3d Ed., Sec. 274, 809; 22 Cyc. 94, and authorities cited.

No cause of action exists against appellees. Hasbrouck v. Carr, 19 N. M. 586; 16 A. & E. Enc. of Law, 176; Turk v. Ridge, 41 N. Y. 201; French v. Vix, 143 N. Y. 90; Taylor v. Dunn, 80 Texas, 652; Union National Bank v. Rich, 106 Mich. 319.

A personal judgment against heirs cannot be had. 14 Cyc. 185 and authorities cited; 9 R. C. L. 102, and authorities cited; Wilson v. Miller, 96 Am. Dec. 568; Brock v. Kirkpatrick, 38 S. E. 779; Crawford v. Turner, 52 S. E., 716; Huneke v. Dold, 7 N. M., 5; Gilchrist v. Flynn, 2 Fla., 94.

## OPINION OF THE COURT.

HANNA, C. J. This is an appeal by the State of New Mexico from a judgment rendered in the district court for Santa Fe county dismissing a complaint filed by it against Melvin W. Mills, Horace C. Longwill, Benton E. Longwill, William D. Longwill, and Martha E. West.

As the questions involved herein are dependent upon the pleadings, it becomes necessary to state the contents thereof at some length. The complaint alleged: That all of the defendants, excepting Mills, were the children and heirs of Robert H. Longwill, deceased, who died prior to October, 1903; that all of said children are non-residents of this state, but are the owners of certain real estate situate herein which came to them by inheritance or devise from their father, Robert H.

Longwill; that there is no personal property in this state of the said Robert H. Longwill which could be made available for the payment of his debts; that Robert H. Longwill, being interested in securing a deposit of territorial moneys in the Taos County Bank, procured said Mills to execute, as surety, a bond, on May 5, 1893, the said Longwill agreeing to indemnify the said Mills for any loss or damage that might accrue to him on account thereof; that Mills had no interest whatever in securing deposits of territorial moneys in said bank, and executed said bond for the benefit of said Longwill, who was disqualified under the law to become surety on said bond, and in consequence of said offer of indemnity; that Mills would not have executed the same if the said indemnity bond had not been offered, and the bank would not have secured th said deposit of territorial moneys unless it was able to obtain the signature of some other responsible person as surety; that at the time of the execution of said bond Mills was solvent and able to respond in damages for an amount far above the penalty of said bond; that the said bank subsequently failed and breached the conditions of said bond; that on August 12, 1903, an action was begun by the territory of New Mexico against the said bank, Mills, and others on said bond, the defendants in this case, other than Mills, filing a demurrer to the complaint of the territory through an attorney employed by them to represent them; that a motion was subsequently filed therein by Mills, asking that the defendants herein be made parties, for the reason that he had no interest in said matter, having signed said bond at the instance and request of said Longwill, the ancestor, who executed a bond indemnifying him against loss; that the court denied said motion, except that it "admitted" the "Longwill estate" as a party to wage its defense in the name and for the benefit of the defendant Mills; that the control of the defense to the action was therefore taken out of Mills, and invested in the estate, and the litigation was protracted by the efforts of the attorney of the said Longwill heirs, the defendants in the case at bar, until the

judgment of the trial court was affirmed, in effect, by the judgment of the territorial Supreme Court on a much later date, and of the Supreme Court of the United States in June, 1915; that at the time of giving said bond Mills was solvent and able to pay the penalty of the bond, but became insolvent in 1908, and has since continued so to be, and, "had it not been for the intervention of the said heirs * * * and the consequent protraction of the litigation, plaintiff would have beeen able to obtain judgment again the said Mills and to collect the same while the said Mills remained solvent;" that since the rendition of the judgment against Mills it has been useless to issue execution against him on account of his insolvency; wherefore the state prayed that it have judgment against the defendants for $5,834.26, with interest and costs.

Upon motion of defendants, other than Mills, the court struck from the complaint the matter concerning the alleged representations of Longwill to Mills; the reason prompting the execution of the bond on the part of Mills; the interest of Mills in securing the deposit of public moneys in said bank and what the bank may have been required to do in the absence of the execution of said bond by Mills; the result of the order of the court admitting the Longwill estate as a party defendant, with the right to wage defense in the name and for the benefit of Mills in the case brought by the territory on the bond; the protraction of the litigation and the results consequent thereon, including what might have ensued but for such intervention, and the insolvency of Mills. Prior to the taking of this action on the part of the court, and subsequent to the time when said motion to strike was filed, the defendants, other than Mills, filed a demurrer to the complaint of the state, which was sustained by the court, at the same time it ordered certain matters stricken from the complaint. In substance, the grounds of the demurrer were the following: (1)That the same questions were raised and determined in the case of Territory of New Mexico v. Taos County Bank, Mills, and Others as are presented by the state here, the

judgment in that case constituting res adjudicata of all questions upon which the state relies herein; (2) that said defendants are not liable for debts, contracts, or torts of their ancestor; (3) that neither the territory nor state of New Mexico are parties to the contract of indemnity, nor in privy with the parties thereto; (4) that state has no rights under the indemnity contract simply because it is a creditor of Mills; (5) that the purpose for which said contract of indemnity was made does not affect the rights and obligations of said defendants; (6) that certain portions of the complaint are repugnant; (7) that the failure of the territory to enforce its judgment against Mills was due solely to the neglect of its officers; (8) that there is a misjoinder of parties defendant in that no cause of action is stated against Mills; and (9) that several causes of action are stated in the complaint without being separated, and are so intermingled that it is impossible to segregate them.

From an examination of the complaint it is difficult to understand upon what theory the state proceeded. Counsel for the state argues that the trial court took the view that the state sought to be subrogated to the rights of Mills under the contract of indemnity executed by the elder Longwill in favor of Mills. Counsel says that:

"The liability sought to be enforced against the Longwill heirs may be considered as resting primarily upon the indebtedness of their father, created by him, acting through his agent and representative, Mills, but if, upon all the facts, it could be held that the right of the plaintiff to maintain this action must be based upon the indemnity bond, then it is apparent that the elder Longwill was not a stranger to the transaction with regard to which the indemnifying bond was given, but was primarily and vitally interested therein, and should therefore be held liable to the state quite the same as though he had himself, as a surety, executed the bond of the bank to the territory."

[1] The action cannot be maintained upon any theory of which we have any knowledge. The first theory advanced by counsel for the state pre-supposes that the elder Longwill became indebted to the terri-

tory and then to the state as its successor in the place and stead of Mills. This theory is based upon the premise that Longwill was the principal, disclosed or undisclosed, of Mills; hence the liability of Mills is the liability of the elder Longwill, and the defendants here, other than Mills, having acquired some property from the elder Longwill, by devise or inheritance, should be chargeable for the debt of their ancestor to that extent.

· The foundation of appellant's contention upon this theory is the Mills bond. Eliminating the question as to whether the children of the elder Longwill woulu be liable to the state in any event, the question is whether the state may proceed against Longwill, the ancestor, who was not a formal party to the bond given by Mills and others to secure deposits of territorial moneys in the Taos County Bank; that is, assuming that the elder Longwill was living, could the state proceeed against him on the theory that he was the principal of Mills, the agent, in the execution of said bond? If there was any question in the first instance as to who was liable to the territory, that question became settled by the conduct of the territory in instituting an action on the Mills bond and obtaining judgment against Mills in the ·face of recitations in the bond· and of numerous facts called to the attention of the territory in that action establishing that Mills was prompted to execute said bond as a favor to Longwill and was secured in that undertaking by a bond of indemnity executed by Longwill. If Mills was but the agent of Longwill, who was not a qualified bondsman under the law, that fact became known to the territory during the progress of the action brought by the territory on that bond, and as the issue there and here is identical, so far as the liability of Mills and Longwill is· concerned, the territory elected to proceed against the agent; hence is now barred from proceeding against the alleged principal or those in privy with him. In 23 Cyc. 1265, it is said:

"A person who, after ascertaining all the material facts

of the agency of another with whom he has contracted, re-
covers a judgment against the agent on such contract, is
barred from suing the principal thereon; the taking of judg-
ment is conclusive evidence of an election to resort to the
agent to whom the credit was originally given. * * * "

See, also, Kingsley v. Davis, 104 Mass. 178, and
Beach v. Milford Ice Co., 87 Conn. 528, 89 Atl. 181,
and authorities therein cited.

The territory having elected to sue Mills, who under
its theory was simply the agent of Longwill, and ob-
tain a judgment against him, is concluded from main-
taining the same action against the elder Longwill
on the theory that the latter was the principal; conse-
quently the children and heirs of the elder Longwill
cannot be held.

[2] Neither can the defendants, other than
Mills, be held liable on the second theory advanced
by counsel for the state, viz. that because of the state's
inability to compel Mills to make good its loss on the
breach of condition of the Mills bonds, it may step .
into the shoes of Mills and proceed against the heirs
of Longwill who became vested with real estate of the
ancestor situate in this state. The reason for this
is that the condition in the indemnity bond from the
elder Longwill to Mills was that the former would save
the latter harmless from "any loss or damage what-
ever by reason of the signing said bond." The accrual
of liability on the part of the indemnitor under such
circumstances will be found discussed, with authorities
cited, in 14 R. C. L. "Indemnity," § 13. Reference
thereto will disclose that the liability of the indemnitor
does not accrue until the indemnitee has actually suf-
fered loss or damage. In Hasbrouck, for the Use of
Clow, et al. v. Carr, 19 N. M. 586, 145 Pac. 133, the
court said:

"Where a stranger undertakes to indemnify a surety, such
undertaking does not create a trust in favor of creditors,
nor can they be subrogated to the surety's rights, and like-
wise, where a stranger undertakes to indemnify a surety,
and the surety thereafter becomes bankrupt so that it can-
not pay any of its suretyship obligations, * * * the legal
representative of such surety cannot enforce the indemnity,
because such surety lost nothing, and was not damaged, and
cannot be damnified by such judgment."

Counsel for the state criticizes the application of that doctrine to the facts in the case at bar on the ground that Longwill, the ancestor, was not a "stranger" to Mills, but a person vitally interested in securing territorial deposits in said bank. Anderson's Law dictionary defines the word "stranger" as follows:

"Strangers are third persons; generally all persons in the world except parties and privies. For example, those who are in no way parties to a covenant are said to be strangers to the covenant."

In O'Donnell v. McIntyre, 118 N. Y. 156, 23 N. E. 455, it was said that in legal significance the word was opposed to the word "privies." See, also, Mavity v. Stover, 68 Neb. 602, 94 N. W. 834, and Suppiger v. Gerrels, 20 Ill. App. 629. In the case at bar the state is in no position to assert that the elder Longwill was the principal of Mills, hence more than a stranger, and therefore the criticism is without foundation. Mills, so far as it is stated in the pleading, having suffered no loss or damage, and being insolvent, has no cause of action against his indemnitor, and cannot be damnified by the judgment rendered against him and in favor of the territory of New Mexico. Consequently, even assuming that the state may be subrogated to the rights of Mills, no cause of action exists against the elder Longwill, his estate, or his heirs or devisees. It is therefore unnecessary to discuss the liability of heirs for the debts of their ancestors or any of the other numerous questions urged upon us by counsel for the state, as the determination of the foregoing two questions completely disposes of the merits of this case.

For the reason stated, the judgment of the trial court is affirmed; and it is so ordered.

ROBERTS, J., concurs.

PARKER, J., being absent, did not participate in this opinion.