354 P.2d 135

Burnick KEETER, Plaintiff-Appellee,

v.

BOARD OF COUNTY COMMISSIONERS,
GUADALUPE COUNTY, New Mexico, and
American Employers' Insurance Company
of Boston, Massachusetts, Defendants-Appellants.

No. 6620.

Supreme Court of New Mexico.

July 14, 1960.

Donald A. Martinez, Las Vegas, for appellants.

Roberto L. Armijo, Las Vegas, for appellee.

McGHEE, Chief Justice.

This case arose on stipulated facts, and resulted in a judgment for the plaintiff Keeter, from which defendants appeal.

The Board of County Commissioners, hereinafter referred to as Board, instituted a suit to condemn certain properties owned by Keeter to be used for highway purposes. On June 30, 1952, an order of immediate entry was entered and, as required by § 22–9–18, N.M.S.A., 1953 Comp., bond was posted with defendant American Employers' Insurance Company as surety. On July 9, 1953, judgment was entered confirming the proceeding and allowing Keeter damages in the amount of $24,650. This amount was paid on August 25, 1953, but the accrued interest allowed by our statute, § 22–9–9, N.M.S.A., 1953 Comp., was not paid.

Keeter filed this suit in September, 1958, praying judgment against the Board and the surety for the unpaid interest.

Defendants, in their first affirmative defense, pleaded that the action was barred by the statute of limitations, § 23–1–8, N.M.S.A., 1953 Comp.

Before discussing the merits of this contention, we pause to point out that there was a question raised on brief as to whether a second statute of limitations, § 23–1–4, N.M.S.A., 1953 Comp., was adequately raised below. This section was not pleaded and was therefore not properly before the court in addition to being irrelevant.

The issue of a valid release or lawful agreement discharging the judgment is not before us. Aside from these

occurrences, a judgment may be satisfied or discharged only by payment in full with accrued interest and costs. Freeman on Judgments, § 1118; Johnson v. Tuttle, 1863, 17 Abb.Prac. 315. See also Persons v. Gardner, 1907, 122 App.Div. 167, 106 N.Y.S. 616, and Crane v. Craig, 1921, 230 N.Y. 452, 130 N.E. 609, affirming, 1920, 193 App.Div. 791, 184 N.Y.S. 740. Therefore, it seems plain that a suit for interest accrued on a judgment is a suit on the judgment itself and governed by our general statute of limitations concerning judgments unless removed therefrom by some specific statute.

Our statute of limitations on judgments, § 23-1-2, N.M.S.A., 1953 Comp., bars the action after seven (7) years, the instant case being brought well within this period, although it was after passage of the three (3) year or two (2) year periods provided in § 23-1-8.

Therefore, we must examine § 23-1-8 and determine whether this section removed the type case now before us from within the purview of the general statute of limitations on judgments.

§ 23-1-8 reads:

"Action against sureties on official or fiduciary bonds — Two-year limitation — Actions against county or state officers — Injuries to person or reputation — Three-year limitation. — Those against sureties on official bonds * * * within [2] years after the liability of the principal or the person for whom they are sureties, shall have been finally established or determined by a judgment or decree of the court and those brought against any county or state officer for or on account of any liability incurred in the doing of any act in an official capacity or by the omission of any official duty and for an injury to the person or reputation of any person, within three [3] years."

It seems clear that the provision limiting actions against county or state officers is not applicable here since the action in the instant case was reduced to a judgment within the three year period, and this portion of the statute relates only to the cause of action and not to the judgment. Therefore the board's liability on the judgment is limited by the seven year provision in § 23-1-2.

The only question remaining is the liability of the sureties on their bond and this in turn depends on whether the bond is an "official bond" within the meaning of § 23-1-8.

Section 11-2-37 sets out the form to be used in an "official bond." A reading of this statute solidifies our judgment that an "official bond" is one made payable to the State of New Mexico for its indemnification in case of wrongdoing on the part of the bonded person, and not one made pay-

204

able to a private individual as was the case here. See Ward v. Johnson, 1951, 72 Ariz. 213, 232 P.2d 960.

Since this was not an "official bond" within the meaning of § 23–1–8, it follows that the action against the sureties was not barred by the two-year statute of limitations.

Finding no error, the judgment of the trial court is affirmed and it is so ordered.

COMPTON, CARMODY and CHAVEZ, JJ., concur.

MOISE, J., not participating.