452 P.2d 474

Ramon HERRERA, Individually and as legal guardian of Gabriel Herrera, a minor, and Rosella Herrera, Plaintiffs-Appellants,

v.

Robert J. UHL and J. Joseph Lopez, d/b/a Uhl and Lopez, Cardinal Fence Company, Inc., a New Mexico Corporation, Bordenave Construction Company, a New Mexico Corporation, George T. Jaynes and David E. Wearden Electrical Contractors, Defendants-Appellees,

v.

YEAROUT POLE LINE CONSTRUCTION COMPANY, Incorporated, Public Service Company of New Mexico, City of Albuquerque, Martin & Luther, General Contractors, Inc., and Gordon Herkenhoff & Associates, Inc., Third-Party Defendants-Appellees.

Ramon HERRERA, Individually and as legal guardian of Gabriel Herrera, a minor, and Rosella Herrera, Plaintiffs-Appellants,

v.

UHL AND LOPEZ ENGINEERS, INC., Defendants-Appellees.

UHL AND LOPEZ ENGINEERS, INC., Third-Party Plaintiff-Appellee,

v.

MARTIN & LUTHER GENERAL CONTRACTORS, INC., and Gordon Herkenhoff and Associates, Inc., Third-Party Defendants-Appellees.

No. 8569.

Supreme Court of New Mexico.

Jan. 27, 1969.

Rehearings Denied April 15, 1969.

————◆————

Sheehan, Duhigg, Smith & Cronin, Albuquerque, for appellants.

Iden & Johnson, R. G. Cooper, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, Atwood & Malone, Roswell, F. L. Nohl, Albuquerque, for appellees.

OPINION

COMPTON, Justice.

This suit was brought to recover damages for personal injuries sustained by Gabriel Herrera, a minor, when he came in contact with high voltage wires adjacent to a water pumping station, and, from an order granting summary judgment, the plaintiffs have appealed.

In a previous action plaintiffs had sought damages for these injuries against the City of Albuquerque, Public Service Company of New Mexico, Martin & Luther, General Contractors, Inc., and Gordon Herkenhoff & Associates, in amount of $940,000.00. In that suit a settlement was reached by the parties, and defendants settled plaintiffs' claim against them for a consideration of $50,000.00 and pursuant thereto filed a "Stipulation for Judgment and Joint Tortfeasor Release." The court approved the agreement and pursuant thereto entered judgment incorporating the stipulation and release and specifically reserved the plaintiffs' right to proceed against all other tortfeasors, which, according to the stipulation, were some of the present defendants by name. Pursuant to the stipulation of the

parties, a satisfaction of judgment was entered.

Subsequently the plaintiffs initiated this suit. The court granted summary judgment on the basis that satisfaction of the judgment in the prior case bars a later action against other joint tortfeasors.

The questions presented are (a) whether the Uniform Contribution Among Tortfeasors Act, § 24–1–11 et seq., 1953 Comp., changed the common law rule that a release of one joint tortfeasor releases all, and (b) whether satisfaction of judgment under the above statute operates as to discharge all other tortfeasors. The plaintiffs contend that the former question must be answered in the affirmative and that the latter requires a negative answer. On the other hand the defendants maintain that the plaintiffs may not reserve their right of action against these joint tortfeasors, where the plaintiffs have voluntarily obtained entry and satisfaction of judgment against the prior defendants.

We are inclined to the plaintiffs' view. Prior to the adoption of the Act in this jurisdiction, Rhode Island had occasion to construe this statute. In Hackett v. Hyson, 72 R.I. 132, 48 A.2d 353, 166 A.L.R. 1096, that court expressly held that satisfaction of a judgment of one joint tortfeasor did not operate as a discharge of all other joint tortfeasors. We think it is reasonable to say that our legislature was aware of the Rhode Island decision when it adopted the Act. The Arkansas court in Smith v. Tipps Engineering & Supply Co., 231 Ark. 952, 333 S.W.2d 483, in construing the Act reached the same result. See Annot. 73 A.L.R.2d 403, § 14(b) at 434. See also 9 Uniform Laws Annotated, commencing at page 233 of the bound volume and commencing at page 127 of the 1967 pocket part. With regard to 9 Uniform Laws Annotated, supra, it is interesting to note that the National Conference of Commissioners on Uniform State Laws have proposed a new Uniform Act to supersede the present Act.

The order granting summary judgment must be reversed. The cause is remanded to the trial court with directions to reinstate the cause upon its docket and proceed in a manner not inconsistent herewith.

It is so ordered.

CARMODY and TACKETT, JJ., concur.