542 P.2d 52

**SIERRA BLANCA SALES COMPANY, INC.,**
a New Mexico Corporation, Plain-
tiff-Appellant,

v.

**NEWCO INDUSTRIES, INC.,** a New Mexico
Corporation, Ruidoso Racing Association,
Inc., a New Mexico Corporation, now merg-
ed and known as Ruidoso Downs, Inc. a
New Mexico Corporation, and Fortuna Cor-
poration, Eric N. Culver, R. D. Mosier and
Tom Mosier, Defendants-Appellees.

No. 1812.

Court of Appeals of New Mexico.

Sept. 23, 1975.

Certiorari Granted Nov. 6, 1975.

ther merged, consolidated or dissolved and that Fortuna is the sole viable corporation remaining as their successor. In the initial action, summary judgment was granted in favor of Mosier and Hubbard on both the fraud and contract claims and in favor of Fortuna and its predecessors on the contract claims; fraud was alleged only against the individual defendants. Plaintiff proceeded to trial solely against Culver on claims of both fraud and breach of contract. The jury returned a general verdict in plaintiff's favor and after a discount remittitur, plaintiff recovered judgment of compensatory damages in the amount of $157,390.92 and punitive damages in the amount of $150,000.00.

Plaintiff appealed and this Court reversed the summary judgment as to Mosier and Hubbard on the fraud claims and reversed summary judgment as to Fortuna on the contract claims which encompassed two theories: (1) that Culver was Fortuna's predecessor's agent and (2) that Fortuna's predecessors ratified the contract between plaintiff and Culver. Subsequently, the trial court allowed plaintiff to amend its complaint to assert a claim for punitive damages in the amount of $150,000.00 against Fortuna on the basis of the alleged " . . . willful and wanton misconduct of Fortuna Corporation in failing to ratify the Employment Agreement and in causing a breach of the contract. . . ."

Pursuant to the judgment rendered in the initial action, plaintiff obtained a lien on certain pledged stock of defendant, Culver. However, plaintiff's financial condition made it incapable of enforcing this lien due to its inability to satisfy certain lienholders. Culver was able to raise $200,000.00 in cash. Plaintiff accepted this $200,000.00 and the following were filed in open court: (1) an order of dismissal, dismissing with prejudice plaintiff's complaint against Culver, Mosier and Hubbard " . . . without affecting the right against Defendant Fortuna, Inc., or its corporate predecessors in interest

Albert J. Rivera and Wayne A. Jordan, Alamogordo, for plaintiff-appellant.

John P. Eastham, Rex D. Throckmorton, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

This action is a continuation of *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App. 1972). The facts are fully detailed therein and will be repeated only as necessary to clarify the issues on this appeal. Plaintiff brought suit grounded in tort and contract against several individual and several corporate defendants. The individual defendants were Culver, Mosier and Hubbard. The corporate defendants were Newco Industries, Inc., Ruidoso Downs, Inc., Ruidoso Racing Association, Inc. and Fortuna Corporation. It is settled that Newco, Ruidoso Downs and Ruidoso have been ei-

. . ." and (2) a satisfaction of judgment and release of judgment lien in which plaintiff "hereby acknowledge[s] full satisfaction of the Judgment entered in the above-entitled cause on 20 September 1971 against Defendant Eric N. Culver for compensatory damages of $157,390.92, and for punitive damages of $150,000, together with costs, and hereby release[s] the lien thereof. That this satisfaction does not release Fortuna of its indemnities."

Defendant, Fortuna, then moved for summary judgment on the ground that plaintiff's damages had been satisfied in full as a result of the satisfaction of the judgment against the agent, Culver, thereby releasing the principal, Fortuna, from further liability. Summary judgment was granted and plaintiff appeals. We affirm in part and reverse in part.

As we see the issues in this case, it is necessary to discuss compensatory and punitive damages separately. We deal with the compensatory damages first. At the outset, we note that had the trial court not erred in granting summary judgment to Fortuna, plaintiff would have tried its case against both Culver, the alleged agent, and Fortuna, the alleged principal, together. We secondly note that the jury found in favor of plaintiff in the full amount of compensatory damages prayed for, i. e. $215,000.00. The jury had not followed the trial court's discount instruction, the contract being for fifteen years from June, 1969, and the trial court granted a six percent discount rate remittitur in the amount of $57,609.08 to the present value of $157,390.92. See *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* supra.

### Compensatory Damages

The first question then becomes whether the payment by Culver of the sum of $200,000.00 in return for an instrument which acknowledged "full satisfaction of the Judgment" against him was a full satisfaction of the compensatory damages for the injury thereby precluding an action by plaintiff against Fortuna for compensatory damages for the same injury. Our answer is in the affirmative.

Section 24–1–14, N.M.S.A.1953 provides:

"24–1–14. RELEASE—EFFECT ON INJURED PERSON'S CLAIM.—A release by the injured person of one [1] joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid."

However, where the consideration paid by one tortfeasor for the release represents full compensation for the *injury* the other tortfeasor is discharged. Annot., 73 A.L.R.2d 403 (1960); See *Vaca v. Whitaker,* 86 N.M. 79, 519 P.2d 315 (Ct.App.1974). Accordingly, we do not reach the situation set forth in *Herrera v. Uhl,* 80 N.M. 140, 452 P.2d 474 (1969).

Thus, was the judgment for the *injury* satisfied in full? A judgment may only be satisfied by payment in full. *Keeter v. Board of County Com'rs, Guadalupe County,* 67 N.M. 201, 354 P.2d 135 (1960). However, payment in full is not required where there is a lawful agreement discharging the judgment. Freeman on Judgments, 5th Ed., § 1118 (1925); *Keeter v. Board of County Com'rs, Guadalupe County,* supra. It is hornbook law that the essence of a valid agreement is consideration. Plaintiff, herein, accepted a lesser amount than that to which it was entitled by the judgment in order to obtain immediate cash. Further, as we have heretofore stated, plaintiff had been unable to secure funds in order to levy on Culver's stock. In view of the foregoing we hold the full satisfaction of judgment valid. Freeman on Judgments, 5th Ed., § 1140, p. 2376 (1925). There was a lawful agreement

discharging the judgment. Freeman on Judgments, 5th Ed., § 1118, supra. Plaintiff was compensated for the injury in full.

The trial court was correct in granting summary judgment to Fortuna on the issue of compensatory damages.

### Punitive Damages

█ A different result obtains, however, with regard to punitive damages. In New Mexico, punitive damages may be awarded against the wrongdoer in contract actions when his conduct is maliciously intentional, fraudulent, oppressive or committed recklessly or with a wanton disregard of the wronged party's rights. *Fredenburgh v. Allied Van Lines, Inc.,* 79 N. M. 593, 446 P.2d 868 (1968). For a principal to be liable for punitive damages, there must be participation, authorization or ratification of the wrongdoing of the agent. *Stewart v. Potter,* 44 N.M. 460, 104 P.2d 736 (1940).

█ Punitive damages are not awarded as compensation to the party wronged, but rather as punishment of the offender, *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368 (1967), and as a warning to others. *Sanchez v. Securities Acceptance Corp.,* 57 N.M. 512, 260 P.2d 703 (1953). We believe that the theory behind the award of punitive damages would best be served by adoption of the rule that allows apportionment of such damages among the several wrongdoers according to the degree of culpability or according to the existence or nonexistence of the requisite state of mind for such damages in the several defendants. See Annot., 20 A.L.R.3d 666 (1968). This being the case, the rationale of *Vaca v. Whitaker,* supra, does not apply to an award of punitive damages. A jury might find Fortuna more culpable than Culver. Since punitive damages are not for the purpose of compensation, plaintiff ought not be limited to one amount of punitive recovery. Conversely, a jury might not even find Fortuna culpable. The release of Culver as to the punitive aspect of the damages would logically have no effect on plaintiff's rights against Fortuna for such damages. We are supported in this result by the following cases which hold that a release of one joint wrongdoer will not release others where the cause of action is punitive in nature: *Porter v. Sorrell,* 280 Mass. 457, 182 N.E. 837, 85 A.L.R. 1159 (1932); *Phillips Sheet and Tin Plate Co. v. Griffith,* 98 Ohio St. 73, 120 N.E. 207 (1918).

█ Of course, punitive damages may only be awarded as an adjunct to compensatory or actual damages. *Montoya v. Moore,* 77 N.M. 326, 422 P.2d 363 (1967). The result we reach may seem somewhat anomalous in that we hold that plaintiff must go to trial against Fortuna on the two theories enumerated in their previous appeal, prove a case for compensatory damages to which we hold plaintiff is not entitled and then prove culpable conduct on Fortuna's part in order to only be able to obtain judgment on the punitive element of damages. However, had the trial court not erred in granting Fortuna summary judgment previously such would have been plaintiff's right under the foregoing reasoning and authority. The trial court therefore erred in granting summary judgment to Fortuna on this go-around with respect to punitive damages.

In so holding we are not unmindful of *State v. Mills,* 23 N.M. 549, 169 P.2d 1171 (1917). We simply do not believe it is applicable to the facts in the instant case.

The case is accordingly reversed and remanded for proceedings not inconsistent with this opinion.

It is so ordered.

HERNANDEZ, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I dissent from that part of the decision which relates to compensatory damages.

The plaintiff here received $200,000 following a judgment for $357,390.92. There is nothing in the record from which we

can infer that $157,390.92 of that amount represented satisfaction of the claim for compensatory damages nor can we find any support for adopting such a legal fiction. The majority's conclusion that the judgment has been satisfied in full rests on the validity of the discharge of Culver. While we would agree that the agreement between Culver and the plaintiff was binding with respect to the parties to the agreement, the validity of that agreement does not determine the nature of the plaintiff's rights with respect to Fortuna. Satisfaction and discharge of a judgment with respect to one joint tortfeasor does not serve to discharge another where the plaintiff has not received compensation in full. *Herrera v. Uhl*, 80 N.M. 140, 452 P.2d 474 (1969). To introduce the illusion that the plaintiff here has been fully compensated because the discharge is binding will return the courts to the dissension over the release rules which the adoption of the Uniform Contribution Among Tortfeasors Act (§§ 24–1–11 to 24–1–18, N.M.S.A.1953 (Vol. 5) should have silenced.