548 P.2d 865

**FORTUNA CORPORATION, Petitioner,**

v.

**SIERRA BLANCA SALES COMPANY, INC.,**
Respondent.

No. 10659.

Supreme Court of New Mexico.
April 14, 1976.

**188**

Rodey, Dickason, Sloan, Akin & Robb, John P. Eastham, Rex D. Throckmorton, Albuquerque, for petitioner.

Albert Rivera, Wayne A. Jordan, Alamogordo, for respondent.

## OPINION

OMAN, Chief Justice.

This cause is before us on a writ of certiorari directed to the New Mexico Court of Appeals, which affirmed in part and reversed in part a summary judgment entered in favor of Fortuna Corporation (Fortuna). *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 88 N.M. 472, 542 P.2d 52 (Ct.App.1975). Insofar as the summary judgment was reversed by the Court of Appeals, we reverse the decision of that court and affirm the judgment of the district court.

The case as a whole is rather complicated and the facts involved were detailed and discussed at length by the Court of Appeals in its decision rendered in an earlier appeal taken by one of the defendants (Culver) from a judgment entered against him in favor of the plaintiff (Sierra), and by Sierra from summary judgments entered in favor of the other defendants, including Fortuna. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 84 N.M. 524, 505 P.2d 867 (Ct.App.), cert. denied, 84 N.M. 512, 505 P.2d 855 (1972). Insofar as Fortuna is concerned, the summary judgment entered in its favor, from which the first appeal was taken by Sierra, was reversed and the cause remanded to the district court by the Court of Appeals only for the resolution of:

"(a) Breach of contract claim against * * * Fortuna Corporation on the theory that Culver was the agent of Newco [a predecessor corporation to Fortuna] in entering the employment contract with Sierra.

"(b) Breach of contract claim against * * * Fortuna Corporaton on the theory that Ruidoso [another of Fortuna's predecessors] ratified the employment contract between Culver and Sierra."

84 N.M. at 543, 505 P.2d at 886.

An order on the mandate issued by the Court of Appeals in that first appeal was entered by the district court on April 2, 1973. Insofar as this mandate was applicable to Fortuna, it was recited therein that the summary judgment was "vacated and set aside to the following extent: * * *." Then follows the language just above quoted as paragraphs (a) and (b).

No appeal was taken from the order on the mandate and no attack has been made thereon. However, in its briefs in the present appeal, Sierra now contends it asserted tort claims against Fortuna in its second amended complaint filed April 21, 1971. If in fact it did assert such tort claims, the original summary judgment in favor of Fortuna as to these claims was not reversed. As shown above, reversal of the summary judgment was expressly limited to a contract claim asserted by Sierra upon the theories (1) that Culver was the

agent of one of Fortuna's predecessors, or (2) that another of Fortuna's predecessors had ratified the contract. In either event, Fortuna, as a party to the contract, would have become liable in damages for the breach thereof had the district court found Fortuna to be a party to the contract on either of the two theories.

■ The mandate of the Court of Appeals, as well as the order of the district court entered on that mandate, made no mention of and in no way referred to a claim in tort against Fortuna. The opinion of the Court of Appeals on the first appeal upon which the mandate was predicated, became the law of the case, and on remand the district court acquired jurisdiction, insofar as Fortuna was concerned, only to determine the two above recited issues relative to Sierra's contract claim against Fortuna. *Van Orman v. Nelson,* 80 N.M. 119, 452 P.2d 188 (1969); *Gruschus v. C. R. Davis Contracting Company,* 77 N.M. 614, 426 P.2d 589 (1967); *Primus v. Clark,* 58 N.M. 588, 273 P.2d 963 (1954).

Thus, the reliance by Sierra upon an asserted claim in tort is misplaced, and all that is said by the Court of Appeals in its opinion on the second appeal—which is now before us for review—concerning torts, tortfeasors and joint tortfeasors is of no significance and must be disregarded.

■ The district court, by order entered November 26, 1974, which was long after the remand of the case to it by the Court of Appeals, purportedly permitted Sierra "to amend its complaint to assert a claim for punitive damages of $150,000 against Fortuna Corporation as requested in its motion dated April 16, 1974." We say purportedly permitted Sierra to amend, because this amendment presented an issue outside the issues remanded for determination by the district court, and that court was without jurisdiction to enlarge those issues. *Van Orman v. Nelson,* supra; *Varney v. Taylor,* 79 N.M. 652, 448 P.2d 164 (1968); *Gruschus v. C. R. Davis Contracting Company,* supra; *Primus v. Clark,*

supra; *State v. District Court of Fourth Judicial Dist.,* 51 N.M. 297, 183 P.2d 607 (1947).

There are reasons why the district court, after permitting Sierra to amend its complaint to assert a claim for punitive damages, properly entered a judgment against Sierra on this claim, but we do not discuss these reasons, since the question of punitive damages was not properly before the district court.

The Court of Appeals affirmed the summary judgment in favor of Fortuna as to Sierra's claim for compensatory damages for the breach of the contract. 88 N.M. at 474-475, 542 P.2d at 54-55. We agree with the Court of Appeals that the district court correctly granted summary judgment to Fortuna on this issue. We adopt the authority and reasoning of that court on this issue, except to the extent that it relied upon, or at least referred to, our statute concerning a release of a joint tortfeasor. As stated above, we are not concerned on this appeal with a tort or the release of a joint tortfeasor. We are concerned with the effect on the contract claim of Sierra against Fortuna of the complete satisfaction of the judgment secured by Sierra against Culver for the breach of the contract.

As shown by the opinion of the Court of Appeals on the first appeal, the balance owing on the employment contract in question, after deducting the payments made to Sierra thereon, was $215,000. The verdict in favor of Sierra against Culver for compensatory damages was in the amount of $215,000. The jury had obviously failed to follow an instruction to allow a reasonable discount for the earning power of money and to thereby arrive at the present cash value of the damages which would arise in the future from the breach of the employment contract. Therefore, the district court ordered a remittitur of $57,609.08, which was arrived at by discounting the total amount remaining unpaid on the contract ($215,000) at the rate of six per cent per annum computed on the basis of the

times when and the amounts in which the unpaid installments would fall due under the contract. The judgment entered for compensatory damages was in the amount of $157,390.92, which was the difference between the amount of the verdict ($215,000) and the amount of the remittitur ($57,609.08). 84 N.M. at 541–43, 505 P.2d at 884–86.

It is true, as Sierra contends, that neither the verdict nor the judgment entered thereon specifically recited whether the compensatory damages were awarded for the breach of contract or for the alleged tort of deceit asserted against Culver. However, it is obvious that the district court and the Court of Appeals treated the jury award as an award for the breach of the contract. Everything supports this view, and Sierra never appealed from the order of remittitur, which was obviously predicated upon the assumption that the jury award constituted damages for a breach of the contract.

In any event, Sierra is certainly in no position to show that this was not an award for the breach of the contract, and it is not entitled to a double recovery for this breach. As stated by the Court of Appeals in its decision in the latter appeal, the judgment was discharged by a lawful agreement, and a Satisfaction of Judgment and Release of Judgment Lien was properly executed and filed by Sierra. Sierra therein acknowledged "full satisfaction of the judgment." It was entitled to no more. *Vaca v. Whitaker*, 86 N.M. 79, 519 P.2d 315 (Ct.App.1974); *Dahlstrom v. Gemunder*, 198 N.Y. 449, 92 N.E. 106 (1910); 4 A. Corbin, Corbin on Contracts § 935), at 761 (1951); 2 A. Freeman, Law of Judgments § 589 (5th ed E. Tuttle 1925); Restatement (Second) of Agency § 185 (1958); Restatement of Judgments § 95 (1942).

The decision of the New Mexico Court of Appeals, insofar as it reversed the judgment of the district court, is hereby reversed, and this cause is remanded to the New Mexico Court of Appeals with directions to affirm the judgment of the district court.

IT IS SO ORDERED.

McMANUS, STEPHENSON, MONTOYA and SOSA, JJ., concur.