595 P.2d 410

Ernest H. CHRISTMAN,
Plaintiff-Appellee,

v.

Bill VOYER and Mountain States Telephone and Telegraph Company,
Defendants-Appellants

No. 3252.

Court of Appeals of New Mexico.

May 1, 1979.

Michael L. Gregory, Las Vegas, for defendants-appellants.

E. Douglas Latimer, Albuquerque, for plaintiff-appellee.

## OPINION

ANDREWS, Judge.

This suit, originally filed for injunctive relief against defendants Bill Voyer (Voyer) and Mountain States Telephone Company, alleged breach of a lease agreement and interference with business relationship. After a non-jury trial, the court ordered Voyer to pay plaintiff, Ernest H. Christman (Christman), $2500 as exemplary damages. This appeal, brought by Voyer alone, raises no issue as to the injunction, but urges that the court erred in awarding exemplary damages. We agree.

*Facts*

In 1969, Christman, a licensed and practicing medical doctor specializing in ophthalmology, established a part-time practice in Las Vegas, New Mexico. His office was located adjacent to an optical dispensary operated by his landlord, an optician.

Voyer, also an optician, purchased the optician's practice in 1973, continuing the dispensary at the same location. Voyer and Christman subsequently entered into a verbal agreement whereby in exchange for the fifty dollar monthly rental fee for office space, Voyer answered the telephone on an extension line at the dispensary and made appointments for Christman when patients called on Christman's number listed in the local directory. Christman saw patients at his Las Vegas office only part of one day each week and had no staff at this office except on that day. This arrangement, and the proximity of the office and business, was advantageous to both since patients usually left the physician's office and went directly to the adjacent optical dispensary to have eyeglass prescriptions filled.

In 1974, Voyer purchased the building in which the office and dispensary were located, but the agreement did not change. At the time of the purchase, Voyer solicited a five year lease. Christman offered to sign a lease for a shorter term, promising one year's notice of intention to vacate or terminate, but no agreement was signed.

Upon receipt of a thirty-day notice to vacate in September, 1975, Christman moved to a new location. In order to increase the volume of his own business and to provide better service to the community, Voyer rented Christman's former office to a full-time ophthalmologist who had his own telephone number and receptionist.

After these changes, when calls came on Christman's number, Voyer answered and referred requests for eye examinations to the new physician rather than Christman and revealed Christman's new location only when callers were insistent.

Although Christman made efforts to notify patients of his new location and phone number and even sought injunctive relief to effect a telephone intercept on the number, his practice dwindled and diminished and in March, 1976, he determined that it was not economically feasible to continue his Las Vegas practice.

This suit followed, with Christman alleging that as a result of Voyer's acts he suffered damages in the form of costs of moving his business to another location; in loss of income to his practice; and, in addition to the loss of patients, the loss of good will.

After trial, the court finding "no clear proof as to the specific amount of damage", awarded "nominal damages" for the tortious interference with business relationship and exemplary damages in the amount of $2,500, plus costs.

Voyer claims that the court erred in ruling that the plaintiff was entitled to exemplary damages and challenges the following Findings upon which such award is based:

"20. Defendant's actions in failing to reveal the whereabouts or deliberately concealing the whereabouts of Plaintiff to those persons calling for Plaintiff were motivated by malice and a desire to increase the personal gain of Defendant.

21. Defendant's actions and malicious interference with the relationship between Plaintiff and his patients for the personal gain of defendant caused damage to Plaintiff's practice in an undetermined amount.

22. Plaintiff is entitled to punitive damages in the amount of $2500 for Defendant's intentional malicious interference with the relationship Plaintiff had with his patients."

Voyer also asserts error in the court's refusal to find the defendant had no contract or obligation to refer incoming telephone calls or patients to Christman and never refused, upon request, to give any person Christman's new telephone number or address.

This Court, at oral argument, raised a further issue: whether punitive or exemplary damages can be awarded without an award of compensatory damages. This issue, briefed by the parties since oral argument, is determinative of the appeal, and we therefore find it unnecessary to discuss the other issues presented.

■ In New Mexico, exemplary damages are recoverable in actions for damages based upon tortious acts. *Colbert v. Journal Publishing Co.,* 19 N.M. 156, 142 P. 146 (1914). They are not awarded as compensation to the party wronged, but rather as punishment to the offender, *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368 (1967), and as a warning to others. *Sanchez v. Securities Acceptance Corp.,* 57 N.M. 512, 260 P.2d 703 (1953). Punishment in the form of exemplary damages may be imposed because of various types of conduct, *Loucks v. Albuquerque National Bank,* 76 N.M. 735, 418 P.2d 191 (1966), including conduct amounting to malice. *Galindo v. Western States Collection Company,* 82 N.M. 149, 477 P.2d 325 (Ct.App.1970).

■ The amount of punitive damages must be left to the jury's sound discretion based on the circumstances of each individual case, but must not be so unrelated to the injury and actual damages proven as to plainly manifest passion and prejudice rather than reason and justice. *Faubion v. Tucker,* 58 N.M. 303, 270 P.2d 713 (1954); *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App.1972). But this test has not been elevated to any level of exactness. Rather, the courts have refused to specify a ratio between the amount of actual damages and the award of punitive damages, where the validity of the ratio would be determined by the test of reasonableness. "Such a test, by necessity geared to exact figures, does not seem proper to this Court or feasible for actual use." *Faubion v. Tucker,* supra; *see Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* supra.

The rule that has been established with specificity is that punitive damages alone cannot be recovered for tort, *Grandi v. LeSage,* 74 N.M. 799, 399 P.2d 285 (1965); *see Samedan Oil Corp. v. Neeld,* 91 N.M. 599, 577 P.2d 1245 (1978); *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* supra; *Faubion v. Tucker,* supra.

*Crawford v. Taylor,* 58 N.M. 340, 270 P.2d 978 (1954), further defines the parameters of the rule. Although the complaint in *Crawford* contained an adequate statement of a wanton and malicious act constituting a cause of action in tort, the only claim for damages flowing from the malicious conduct was for punitive damages. Faced with the rule prohibiting a cause of action for punitive damages alone, the court stated:

"Nevertheless, the alleged malicious interference by defendant with plaintiff's right to carry out her contract with the hospital and enjoy the fruits thereof would sustain an award to plaintiff of nominal damages. The fact that the prayer makes no request for nominal damages is immaterial since the prayer, not being a part of the statement of a cause of action, could be omitted entirely. [Citations omitted.] If, as we believe, the allegations are sufficient to sustain an award of at least nominal damages, it has already been indicated by this Court in *Hagerman Irrigation Co. v. McMurray,* [sic] 1911, 16 N.M. 172, 113 P. 823, that such an award, in a proper case, will support an award of punitive damages, and we so hold the law to be in this jurisdiction."

58 N.M. at 343, 270 P.2d at 979, 980.

Thus, even though there appear to be two lines of authority on this issue in New Mexico, the first reflected in U.J.I. Civil 14.25 to the effect that exemplary damages may not be awarded unless there is an award of compensatory damages, and the second holding that an award of nominal damages supports an award of exemplary damages, the cases are consistent and require that plaintiff suffer actual damages in order to receive an award of exemplary damages. *See Grandi v. LeSage,* supra;

*Montoya v. Moore,* 77 N.M. 326, 422 P.2d 363, 36 A.L.R.3d 1362 (1967); *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 88 N.M. 472, 542 P.2d 52 (Ct.App.1975), rev'd on other grounds, 89 N.M. 187, 548 P.2d 865 (1976). The question remains as to what proof is necessary to establish "actual damages."

The Supreme Court, in *Stevens v. Mitchell,* 51 N.M. 411, 186 P.2d 386 (1947), defined "nominal damages" as "a trivial sum of money awarded to a litigant who has established a cause of action but *has not established that he is entitled to compensatory damages.*" [Emphasis added.] 51 N.M. at 415, 186 P.2d at 389. In the instant case, the trial court found that Voyer's conduct established grounds for the award of exemplary damages, but also found that Christman has failed to supply "clear proof as to the specific amount of damage" which Voyer's acts had caused him. The requirement for proof of compensatory damages is set out in *Stevens,* supra:

"The evidence must afford data, facts, and circumstances reasonably certain from which the jury may find the actual loss; and the plaintiff must show by a preponderance of evidence the damages caused by the injury complained of." 51 N.M. at 414, 186 P.2d at 389.

This rule requires proof of actual loss. As stated above, the trial court found no proof as to the "specific amount" of damage. Because the evidence is insufficient to support a finding that plaintiff, Christman, suffered actual damages, we conclude that the necessary predicate to an award of exemplary damages is missing and therefore find that the punitive damages award should be vacated. There being no basis for an award of exemplary damages, the judgment is reversed.

IT IS SO ORDERED.

WOOD, C. J., and HENDLEY, J., concur.